## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED FINANCIAL CASUALTY COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | |
| **v.** | ) | **No. 20-2467-KHV** |
| | ) | |
| **R.A.E., INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On September 22, 2020, plaintiff filed a complaint for declaratory judgment, naming defendants only by pseudonyms.  See Complaint (Doc. #1).  Contemporaneously, plaintiff filed a motion to proceed using pseudonyms in lieu of the defendants' real names.   This matter is before the Court on plaintiff's Motion To Proceed By Pseudonyms (Doc. #3) filed September 22, 2020. For reasons stated below, the Court overrules plaintiff's motion.

### Factual And Procedural Background

Plaintiff's amended complaint alleges as follows:

On or about June 2, 2017, plaintiff issued an auto insurance policy to defendant "R.A.E., Inc."   The insurance policy listed several automobiles and drivers, one of whom was "R.P.S. II." On July 7, 2017, plaintiff canceled the policy due to failure to pay the premium.

On two occasions on or before December 18, 2017, an unknown employee or employees of R.A.E., Inc. molested "C.M.," a minor student who rode a bus operated by R.A.E., Inc.[1]   It is unclear on how many occasions employees of R.A.E., Inc. molested C.M.   Several years later,

---

1        While the complaint lists "R.P.S. II" and "John Doe(s)" as defendants, it does not make clear what role, if any, these parties had in the alleged molestation of C.M.

"K.M.," the natural mother of C.M., made a claim for coverage under the auto insurance policies. Plaintiff seeks a declaratory judgment that for a variety of reasons concerning policy language, defendants' failure to cooperate and uncertainty about the dates of the molestation, the policy does not cover molestation and plaintiff owes defendants no duties under the policy.

## Legal Standards

No federal rule or statute allows a party to unilaterally use a pseudonym in court filings to conceal his or her real name.   Indeed, proceeding anonymously appears contrary to Rule 10(a), Fed. R. Civ. P., which requires that pleadings contain the parties' names.   Raiser v. Church of Jesus Christ of Latter-Day Saints, 182 F. App'x 810, 811 (10th Cir. 1979).   Federal courts have long recognized a common-law right of access to judicial records.   United States v. Bacon, 950 F.3d 1286, 1292 (10th Cir. 2020); Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007).   This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution.   See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980).   The public interest in district court proceedings includes the assurance that courts are run fairly and that judges are honest. Crystal Grower's, 616 F.2d at 461–62.

In exceptional circumstances, courts may permit a plaintiff to proceed under a pseudonym. M.M. v. Zavaras, 139 F.3d 798, 803 (10th Cir. 1998) (quoting Doe v. Frank, 951 F.2d 320, 324 (11th Cir. 1992)).   Such exceptional circumstances include those involving matters of a highly sensitive and personal nature, a real danger of physical harm or where disclosure of the litigant's identity would incur the injury litigated against.   Id.   Mere embarrassment is insufficient.   Id. In deciding whether to allow litigants to proceed under a pseudonym, the Court exercises "informed discretion" after taking all relevant factors into consideration.   Id. (quoting James v.

Jacobson, 6 F.3d 233, 242 (4th Cir. 1993)).   In particular, the Court determines whether the party's interest in privacy outweighs the public interest in access to open court proceedings.   See id.; Coe v. United States Dist. Court, 676 F.2d 411, 418 (10th Cir. 1982).

### Analysis

Plaintiff asks the Court to allow defendants to proceed by pseudonyms, citing the sensitive nature of the incidents alleged by C.M.   Motion To Proceed By Pseudonyms (Doc. #3) at 2. Plaintiff explains that the alleged incidents are not at issue because it seeks only a declaration that the insurance policy does not cover the alleged incidents.   Id. at 2–3.   Plaintiff asserts, on information and belief, that no individuals have been charged or convicted in connection with the alleged incidents.   Id.   Plaintiff does not explain, however, how the need for privacy outweighs the public interest in access to open court proceedings.   The public has an interest in knowing the identities of litigants.   Raiser, 182 F. App'x at 811.   Plaintiff has not shown that this is an "unusual case" that warrants the use of a pseudonym or how defendants' interest in privacy outweighs the public interest in open courts.   Id.; Lindsey v. Dayton-Hudson Corp., 592 F.2d 1118, 1125 (10th Cir. 1979).   The Court therefore overrules plaintiff's motion to proceed by using pseudonyms for the defendants as it relates to all defendants except "C.M."   Under Rule 5.2, Fed. R. Civ. P., "C.M.," a minor child, may be referred to only by initials.

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Proceed By Pseudonyms (Doc. #3) is **OVERRULED.**

**IT IS FURTHER ORDERED THAT on or before October 22, 2020, plaintiff shall file a new complaint naming by name all defendants except "C.M."**

Dated this 16th day of October, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge